

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 1, 2009**       **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| QUE JAY FULLMER AND | § | Case No. 09-50086-RLJ-11 |
| DEBORA JEAN FULLMER | § | |
| D/B/A FULLMER CATTLE COMPANY | § | |
| | § | |
| DEBTORS | § | |

## MEMORANDUM OPINION AND ORDER

On August 25, 2009, hearing was held on the debtors' disclosure statement.[1] Objections to the disclosure statement were filed by Farm Credit of the Heartland ("FCB"), the Internal Revenue Service ("IRS"), and Panorama Construction, Inc. ("Panorama"). Prior to the hearing,

---

[1] The debtors include Que Jay Fullmer and Debora Jean Fullmer d/b/a Fullmer Cattle Company, and eleven affiliated debtors–Fullmer Auto Company Texas, LLC (case no. 09-50087); Fullmer Cattle Company Idaho, LLC (case no. 09-50088); Fullmer Cattle Company Texas, LLC (case no. 09-50089); Fullmer Cattle Operating Company, LLC (case no. 09-50090); Fullmer Equipment Holding Company, LLC (case no. 09-50091); Fullmer Feeders Company, LLC (case no. 09-50092); Fullmer Trucking Company, LLC (case no. 09-50093); Nicks Dairy Commodities, LLC (case no. 09-50094); Fullmer Cattle Company New Mexico, LLC (case no. 09-50095); Fullmer Cattle Company Northern California, LLC (case no. 09-50096); Fullmer Cattle Company, LLC an Arizona, LLC (case no. 09-50097).

On March 3, 2009, Que Jay Fullmer and Debora Jean Fullmer d/b/a Fullmer Cattle Company and the affiliated debtors filed a motion for joint administration, which was ordered on March 4, 2009. Such order consolidated the filing of all pleadings and motions under case number 09-50086.

the debtors filed their response to the objections (the "Response to Objections"). The Response to Objections set forth proposed amendments to the disclosure statement to address certain of the objections.

The IRS and the debtors, through their respective counsel, announced to the Court that the amendments contained in the Response to Objections resolved the IRS's concerns. Panorama did not appear at the hearing, but the Court is likewise satisfied that the debtors' proposed amendments resolve the objections raised by Panorama. That left FCB as the lone objecting party. The debtors' Response to Objections included proposed amendments and information specifically directed to the objections raised by FCB.

FCB lodges ten specific objections to the disclosure statement and, in addition, contends the debtors' plan is so "fatally flawed" that confirmation is impossible. The inference from this latter point is that the Court should halt the confirmation process now, at the disclosure statement stage. Despite the specific objections raised by FCB, FCB and the debtors have a basic dispute: they fundamentally disagree regarding the effect of the comprehensive settlement that they entered into during these bankruptcy proceedings. The debtors refer to and rely upon an April 27 letter agreement; FCB looks to a May 11 agreed order that implemented, in part, the overall agreement reflected by the April 27 letter. The Court has reviewed the May 11 agreed order. The order clearly sets forth the treatment to be accorded FCB under the debtors' plan. In this regard, the Court notes that court orders incorporating the terms of a party agreement are treated in the same manner as any other order of the Court. *See In re MD Promenade, Inc.,* No. 08-34113-SGJ-7, 2009 WL 80203, at * 14 (Bankr. N.D. Tex. Jan. 8, 2009); *see also In re Rodriguez*, No. 05-55166-LMC, 2007 WL 593582, at * 15 (Bankr. W.D. Tex. Feb. 20, 2007); *In re Family Inv.,*

*Inc.,* 8 B.R. 572, 578 (Bankr. W.D. Ky. 1981) (stating "[a]greed orders are no less binding because they are based on compromise of the parties instead of unilateral judicial act.)"

The Court has not seen the April 27 letter; it is referenced extensively, however, in the debtors' Response to Objections. There the debtors state as follows:

> The agreement provided that if the proposed plan contained the treatments called for *and* if the cash flows demonstrated that it was feasible for the Debtors to make such payments then FCB would vote in favor of the Plan. If not, then FCB would not vote for the proposed plan and the Debtors would have to seek confirmation of an alternative plan without the support of FCB. FCB has received full consideration in accordance with the agreements reached between the parties and entered into the record on April 28, 2009. The parties entered into the Agreed Order Lifting Stay which incorporated the terms of the agreement thereby modifying the stay and enabling FCB to pursue its state law remedies against the assets which became free from the stay.

Debtors' Response to Objections at 7. The debtors assert that the agreed order merely implements a part of the larger agreement and, specifically, that "the treatment of the secured and unsecured claims of FCB contained in the Agreed Order . . . was strictly conditioned upon 'cash flow projections demonstrating the feasibility of the Debtors making the payments called for in . . . [the] settlement proposal.'"

Section 1125(b) of the Bankruptcy Code requires that a disclosure statement contain "adequate information." Adequate information is generally defined as information of a kind, and in sufficient detail, given the nature and history of the debtor and the condition of the debtor's financial records, that will enable the debtor's creditors and investors to make an informed judgment about the plan. *See* 11 U.S.C. § 1125(a)(1). The determination of whether the disclosure statement contains adequate information is made on a case-by-case basis. *See In re Tex. Extrusion Corp.*, 844 F.2d 1142, 1157 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988). Bankruptcy courts

are given substantial discretion in considering the adequacy of a disclosure statement. *See In re River Vill. Assocs.,* 181 B.R. 795, 804 (E.D. Pa. 1995).

As is common with most chapter 11 cases before this Court, the only participating creditors are the major secured (or partially secured) creditors. No unsecured creditors committee has been formed; the U.S. Trustee has not been significantly involved. The Court is not concerned about whether FCB or the IRS has sufficient information with which to make an informed judgment regarding the debtors' plan. Upon bifurcation of their claims, the Court assumes, further, that FCB and the IRS will hold a substantial portion of the unsecured creditor claims in this case. The Court believes, however, that other creditors, particularly unsecured creditors, would be better informed if they are aware of FCB's articulated position regarding the comprehensive settlement and, particularly, the effect of the May 11 agreed order. The settlement between FCB and the debtors is the single most important event that has transpired in these bankruptcy proceedings.

The Court concludes that the debtors' proposed amendments, as set forth in the debtors' Response to Objections, resolve, in part, the objections of FCB. But to satisfy the Court's view of what adequate information is needed within the context of this case, the disclosure statement must also include a prominent disclosure of FCB's articulated position regarding the settlement and the May 11 agreed order. The Court will therefore deny approval of the disclosure statement, but will allow the debtors to submit, without further notice (except to parties that have specifically requested notice) and hearing, an amended disclosure statement that contains not only the new disclosures and information set forth in the debtors' Response to Objections, but also a new provision in the disclosure statement and plan, as an additional article to same, that identifies and

discloses the dispute with FCB and including, in particular, FCB's position regarding the settlement agreement and the May 11 agreed order.

It is, therefore,

ORDERED that approval of the debtors' disclosure statement is denied; it is further

ORDERED that the debtors may submit an amended disclosure statement, without further notice (except as to parties that have specifically requested notice) and hearing, for consideration to the Court (with a proposed order approving the disclosure statement).

### End of Memorandum Opinion and Order ###