Jeffrey H. Cluff; SBN: 24012437
Fadduol, Cluff & Hardy, P.C.
1115 Broadway (79401)
P.O. Drawer 10324
Lubbock, TX 79408
806-763-9377; 806-763-3696 (FAX)
*Attorneys for Juan and Wendy Garcia*

FILED

MAY 02 2011

TAWANA C. MARSHALL, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: § | | |
| § | | |
| QUE JAY FULLMER and § | | Case No. 09-50086-rlj-11 |
| DEBORA JEAN FULLMER, § | | |
| d/b/a FULLMER CATTLE COMPANY et al., § | | |
| *Debtors.* § | | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY NUNC PRO TUNC AND TO
DEEM PROOF OF CLAIM ALLOWED AS TIMELY FILED**

TO THE HONORABLE ROBERT L. JONES, United States Bankruptcy Judge:

**COMES NOW**, JUAN GARCIA and WENDY GARCIA ("Garcia"), creditors in the above-referenced bankruptcy case, and file this their *Motion for Relief From Automatic Stay Nunc Pro Tunc and to Deem Proof of Claim Allowed as Timely Filed* (the "Motion"), and in support thereof would respectfully show unto the Court as follows:

1.      Que Jay Fullmer and Debora Jean Fullmer along with eleven (11) of their affiliated entities, including Fullmer Cattle Company New Mexico, LLC ("Fullmer Cattle Company")(hereinafter collectively referred to as the "Debtors"), filed for relief under Chapter 11 of the United States Bankruptcy Code on March 2, 2009.

2.      On November 30, 2009, the Debtors' Amended Consolidated Plan of Reorganization ("Plan") was confirmed by order of this Court [Docket No. 604]. Pursuant to the

{00037570.DOCX - ver}

provisions of the Plan, the "Fullmer Liquidating Trust" was established with Jeff Carruth appointed as trustee of the Fullmer Liquidating Trust.

3. Juan Garcia ("Garcia") was employed with Fullmer Cattle Company until October 31, 2006.

4. On October 31, 2006, Garcia sustained substantial and serious injuries during the course and scope of his employment with Fullmer Cattle Company.

5. Neither Garcia nor his counsel were aware that Fullmer Cattle Company had filed for bankruptcy relief on March 2, 2009, and at no time did Garcia or his counsel receive notice of the Debtors' bankruptcy filing.

6. Garcia filed suit against Fullmer Cattle Company on March 28, 2008, in the First Judicial District Court, Santa Fe County, New Mexico (the "New Mexico Suit").

7. Garcia properly served the citation and petition of the New Mexico Suit by first class mail and certified mail on Fullmer Cattle Company's registered agent.

8. Receipt of the certified mail was signed on April 28, 2008.

9. The New Mexico court subsequently ruled that service was proper and effective.

10. After Fullmer Cattle Company failed to answer the suit, the New Mexico court granted default judgment in favor of Garcia on October 19, 2010. Upon hearing expert testimony as to the damages sustained by Garcia, the court also awarded Garcia $1,521,951.51 in damages.

11. On November 2, 2010, Garcia's counsel learned about this bankruptcy case that had been pending during the state court proceedings.

12. While Garcia's filing of the New Mexico Suit and his obtaining a default

{00037570.DOCX - ver}

judgment were arguably violations of the automatic stay for which he was not aware, said actions taken by Garcia in the state court proceedings are voidable, not void. The Fifth Circuit has recognized that "[i]t is well-settled that actions 'taken in violation of the automatic stay are not *void* but rather they are merely *voidable,* because the bankruptcy court has the power to annul the automatic stay pursuant to section 362(d).' " *Jones v. Garcia*, 63 F.3d 411, 412 (5th Cir.1995) (quoting *Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir.1990)) (citing *Sikes v. Global Marine, Inc.* 881 F.2d 176 (5th Cir.1989)); *In re Nazu, Inc.*, 350 B.R. 304, 325 (Bankr. S.D. Tex. 2006). This allows the Court to deem actions that would otherwise have been void, to be valid and enforceable claims under certain circumstances. The court's power to annul the stay works retroactively to validate actions taken by a party who was unaware of the existence of the stay. *See Sikes v. Global Marine, Inc.*, 881 F.2d 176, 178-79 (5th Cir. 1989).

13. The United States Bankruptcy Court for the Southern District of Texas, Houston Division, had a case with similar facts to that of the case at bar. *See In re Nazu, Inc.*, 350 B.R. 304, 308-09 (Bankr. S.D. Tex. 2006). After the debtor filed bankruptcy and the stay had commenced, a state court action was filed against the debtor. *See Id.* While the debtor had notice of the state court action, it did not respond to the notice, notify the potential creditor or creditor's counsel, or schedule the creditor in the bankruptcy. *See id.* The bankruptcy court held that:

> Accordingly, this Court finds that Farr's actions unknowingly taken in violation of the automatic stay—i.e., seeking the Default Judgment *Nunc Pro Tunc*, obtaining the Abstract of Judgment, and attempting to execute on the Default Judgment *Nunc Pro Tunc*—are not void. This Court therefore grants Farr relief from the automatic stay retroactively to the date of the Debtor's filing of its petition, so that her actions in violation of the automatic stay are not void and are hereby validated. As such, Farr's Claim will be allowed and paid pursuant to the confirmed plan in this case.

*See Id. at 325-26.* The bankruptcy court used the same reasoning as in *Jones* applying equitable

{00037570.DOCX - ver}

considerations where the creditor was without actual knowledge of a bankruptcy petition. *See Jones v. Garcia (In re Jones)*, 63 F.3d 411, 412–13 n. 5 (5th Cir.1995).

14. The Debtors' failure give notice of this bankruptcy case to Garcia and failure to respond to the state court action once service was completed are grounds for this Court to annul the stay as to Garcia and retroactively validate the suit. Moreover, the court should allow for this then valid claim to be treated as a timely filed claim pursuant to Rule 3003(c)(3).

WHEREFORE PREMISES CONSIDERED, Juan and Wendy Garcia. creditors herein, respectfully request that the Court enter an Order allowing relief from the automatic stay nunc pro tunc and that their unsecured proof of claim be allowed as a timely filed, and further pray that the Court grant the Garcias such further relief as they may show themselves justly entitled.

Dated: 5/2/11

Respectfully submitted,

FADDOUL, CLUFF & HARDY, P.C.
1115 Broadway (79401)
P.O. Drawer 10324
Lubbock, TX 79408
806-763-9377; 806-763-3696 (FAX)

By: _____
Jeffrey H. Cluff
State Bar No. 24012437
Attorney for Juan and
Wendy Garcia

**IMPORTANT NOTICE**

PURSUANT TO LOCAL BANKRUPTCY RULE 3007, YOU ARE HEREBY NOTIFIED THAT NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1205 TEXAS AVE., ROOM 306, LUBBOCK, TEXAS 79401 WITHIN

{00037570.DOCX - ver}

TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF OR THE NOTICED ACTION MAY BE TAKEN.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Motion* was served via United States Mail or electronically serviced to the following parties on this 2nd day of ~~April~~, May 2011:

1. U.S. Trustee
   1100 Commerce Street
   Room 9C60
   Dallas, TX 75242

2. David R. Langston
   Mullin, Hoard & Brown, L.L.P.
   P.O. Box 1738
   Lubbock, TX 79408
   *Attorney for Debtors*

3. Jeff Carruth
   Weycer, Kaplan, Pulaski & Zuber, P.C.
   3030 Matlock Rd., Suite 201
   Arlington, Texas 76015
   Fullmer Liquidating Trustee

4. All parties in interest registered with the
   U. S. Bankruptcy Court to receive electronic
   notices in this case.

*All other parties having filed proof of claims that are pending distribution by the Fullmer Liquidating Trust.*

{00037570.DOCX - ver}

5. Access Group
   P.O. Box 390
   Hereford, TX 79045-0390

6. Calca Products Co., Inc.
   P.O. Box 616
   Acampo, CA 95220

7. Cemex Construction Materials South, LLC. c/o Ben L. Aderholt
   Looper Reed & McGraw, P.C.
   1300 Post Oak Boulevard,
   Suite 2000
   Houston, TX 77056-8000

8. Cemex Construction Materials South, LLC
   Attn: Ben L. Aderholt
   1300 Post Oak Blvd., Suite 2000
   Houston, TX 7056-8000

9. David Jackson Farms
   Albert J. Berryman, Esq.
   Baker Manock & Jenson, PC
   5260 N. Palms Ace., Ste. 421
   Fresno, CA 93704-2222

10. American Ag Credit, ACA
    c/o Stephen Silan
    P.O. Box 1120
    Santa Rosa, CA 95402

11. Farm Credit Bank c/o Max R. Tarbox
    2301 Broadway
    Lubbock, TX 79401

12. Genske, Mulder & Company, LLP
    1835 Newport Blvd.
    Suite D-263
    Costa Mesa, CA 92627-5013

13. J.D. Heiskell Holdings, LLC
    601 Ave K
    Lubbock, TX 79401

14. Panorama Construction, Inc.

{00037570.DOCX - ver}

14. Panorama Construction, Inc.
    2422 12th Avenue Rd.
    PMB 205
    Nampa, ID 83686-6300

15. Peter Belezzouli
    10565 9th Ave.
    Hanford, CA 93230-9328

16. Syracuse Food Center
    P.O. Box 1205
    Syracuse, KS 67878-1205

17. Syracus Inn, Inc.
    612 W. Hwy 50
    Syracuse, KS 67878-1205
    P.O. Box 1379
    Tulare, CA 93275-1379

18. The Access Group
    P.O. Box 1701
    Hereord, TX 79045-1701

19. The Access Group, Inc.
    c/o Jerry Smith
    Attorney For the Access Group, Inc.
    PO Box 1191
    Hereford, TX 79045-1191

20. Unifeed Hi-Pro
    c/o Andy aycock
    Field Manning Stone Hawthorne &
    Aycock,
    2112 Indiana
    Lubbock, TX 79410-1444

21. Western Milling
    Department 9287
    Los Angeles, CA 90084-9287

22. Western Milling, Inc.
    Attn: Mark La Bounty
    P.O. Box 1029
    Goshen, CA 93227-1029

{00037570.DOCX - ver}

23. Wayne Copley
    Wayne Copley Trucking
    PO Box 63
    Muleshoe, TX 79347-0063

_____
Jeffrey H. Cluff

{00037570.DOCX - ver}